ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SKIBOKY STORA,                                                    Case No.:

                     Plaintiff,
                                                                     COMPLAINT
          -against-                                             JURY DEMAND

THE CITY OF NEW YORK, DETECTIVE CARL
MCLAUGHLIN, and OFFICER 'JOHN DOE",
A FICTITIOUS NAME INTENDED TO BE A  POLICE
OFFICER, EMPLOYEE OF THE NEW YORK
CITY DEPARTMENT  INDIVIDUALLY
AND AS POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT,

                                   Defendants.
-------------------------------------------------------------------X

      Plaintiff, SKIBOKY STORA, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

      1.    This is an action for the wrongful acts of defendants THE CITY OF NEW YORK, DETECTIVE CARL MCLAUGHLIN and "JOHN DOE" A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER, AN EMPLOYEE OF THE NEW YORK CITY POLICE DEPARTMENT INDIVIDUALLY AND AS A POLICE OFFICER OF THE NEW

YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, SKIBOKY STORA, alleges that beginning on or about May 12, 2015, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting plaintiff, wrongly imprisoning plaintiff, maliciously prosecuting plaintiff, assaulting and battering plaintiff and/or negligently causing physical injury to plaintiff, using excessive force in effecting the arrest of plaintiff, intentionally and/or negligently inflicting severe emotional distress, and negligence in the hiring and retaining of incompetent and unfit officers, Detectives and Employees, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff SKIBOKY STORA, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, defendant DETECTIVE CARL MCLAUGHLIN was at all times relevant to this action, an officer employed by the New York City Police Department, and acting under the color of the law. Upon information and belief, DETECTIVE CARL MCLAUGHLIN was assigned to the 67th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto, "JOHN DOE", A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, was at all

times relevant to this action, a police officer employed by the New York City Police Department, and acting under the color of state law.  Upon information and belief, "JOHN DOE", A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT was assigned to the 67th Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11.     At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

12.     At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants DETECTIVE CARL MCLAUGHLIN and "JOHN DOE', A FICTITIOUS NAME INTENDED TO BE A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, the unknown police officer whose identity plaintiff intends to discover.

13. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

14. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff SKIBOKY STORA.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff SKIBOKY STORA.

## FACTUAL BACKGROUND

16. At all times relevant to this action, Plaintiff SKIBOKY STORA resided at 388 East 34th Street, Brooklyn, New York.

17. At all times relevant to this action, Plaintiff resided with his girlfriend TL[1] and her four (4) minor children.

---

[1] For the purposes of the complaint, third-party names will remain confidential.

18. At all times relevant to this action, Plaintiff had been residing with TL at 388 East 34th Street, Brooklyn, New York.

19. On or about April 27, 2015, Plaintiff came to his apartment located at 388 East 34th Street, Brooklyn, New York and found TL smoking a controlled substance in the presence of her children.

20. That Plaintiff and TL began to argue and KL, TL's eldest son, came into the room holding a knife.

21. That an Order of Protection had previously issued in favor of Plaintiff and against KL by the Kings County Criminal Court, which was in full force and effect.

22. Upon seeing KL, the Plaintiff retrieved his mobile telephone and called 911.

23. That TL then took the knife from KL, stated "I told you about calling the police," and cut the skin above the plaintiff's eye.

24. That TL and KL were arrested by Officers of the New York City Police Department.

25. That the Plaintiff was brought to Brookdale Hospital by EMTs to treat his injury.

26. On or about April 27, 2015, stay away Orders of Protection were issued by the Kings County Criminal Court in favor of the Plaintiff and against TL and KL.

27. On or about May 5, 2015, TL contacted the Plaintiff via text message and threatened his well-being.

28.     That Plaintiff reported TL's threat and violated of the order of protection to the 67th Precinct.

29.     As a result of the report, TL was arrested for violating an order of protection.

30.     On May 10, 2015, TL contacted the Plaintiff via telephone and demanded that he surrender their apartment at 388 East 34th Street, Brooklyn, New York.

31.     On May 10, 2015, after receiving the request from TL, Plaintiff reported TL's violation of the order of protection to the 67th Precinct.

32.     On May 10, 2015, the Plaintiff was contacted via telephone by Defendant DETECTIVE CARL MCLAUGHLIN, who reported to the Plaintiff that TL had been arrested.

33.     On May 11, 2015, the Plaintiff appeared at Kings County Criminal Court information window located at 120 Schermerhorn Street, Brooklyn, New York to check on the status of TL's arraignment.

34.     The clerk at the information window advised the Plaintiff that there was no record of TL's arrest.

35.     That Plaintiff contacted the 67th Precinct and reported to Lieutenant Williams that Defendant DETECTIVE CARL MCLAUGHLIN reported that TL had been arrested and that no arrest had been made.

36. On May 12, 2016 at approximately 6:00 a.m., Defendant DETECTIVE CARL MCLAUGHLIN contacted the Plaintiff, advised him that TL was at the 67th Precinct, and requested that Plaintiff come to the precinct to make a confirmatory identification of TL.

37. On May 12, 2016, the Plaintiff appeared at the 67th Precinct and was placed in a locked room for approximately three hours by Defendant DETECTIVE CARL MCLAUGHLIN.

38. Thereafter, Defendant DETECTIVE CARL MCLAUGHLIN walked into the room and stated "you called my Lieutenant and made a problem for yourself."

39. That Defendant DETECTIVE CARL MCLAUGHLIN stated that the Plaintiff was under arrest, and that he would also be arresting TL and KL for violating the respective orders of protection.

40. Defendant DETECTIVE CARL MCLAUGHLIN then punched the Plaintiff in the back of his head.

41. That Defendant DETECTIVE CARL MCLAUGHLIN then stated: "You called my Lieutenant yesterday. You messed around with the wrong gang. Are you trying to get me in trouble."

42. That Plaintiff explained that he had been diagnosed with post traumatic stress disorder, was violently assaulted by TL and KL, was issued stay away orders of protection, and just wanted to be protected from them. He further advised that he was not trying to get

Defendant DETECTIVE CARL MCLAUGHLIN in trouble, but could not understand why he falsely stated that TL and KL were arrested.

43. That Plaintiff requested that Defendant DETECTIVE CARL MCLAUGHLIN provide him with the arrest charge. Defendant DETECTIVE CARL MCLAUGHLIN then stated "Oh, TL says that she saw you burglarize the house and you stole over $3,000.00 in stuff."

44. That Plaintiff stated that he resides 388 East 34th Street, Brooklyn, New York and TL was removed from the home as a result of the order of protection.

45. That Plaintiff was then placed in handcuffs, fingerprinted, photographed and transferred to central booking.

46. On the way to central booking, Defendant DETECTIVE CARL MCLAUGHLIN advised the Plaintiff that TL is friends with several officers and employees of the 75th Precinct.

47. That Plaintiff was arraigned in the Criminal Court, County of Kings on May 13, 2015 before Hon. Claudia D. DePeyster under Docket No.: 2015KN03057.

48. That Plaintiff was charged with Burglary in the Second Degree in violation of New York Penal Law § 140.25(2); Burglary in the Third Degree in violation of New York Penal Law § 140.20; Criminal Trespass in the Second Degree in violation of New York Penal Law § 140.15(1); Possession of Burglar's Tools in violation of New York Penal Law § 140.35; Criminal Mischief in the Fourth Degree in violation of New York Penal Law § 145.00(1); Petit Larceny in violation of New York Penal Law § 155.25; Criminal Possession of Stolen Property

in the Fifth Degree in violation of New York Penal Law § 165.40; Criminal Trespass in the Third Degree in violation of New York Penal Law § 140.10(A); and Trespass in violation of New York Penal Law § 140.05.

49. That the date and place of the purported burglary described in the complaint was April 30, 2015 at 388 East 34th Street, Brooklyn, New York. The complainants in the complaint were TL and KL.

50. That Hon. Claudia D. DePeyster released the Plaintiff on his own recognizance upon discovering that the Plaintiff had orders of protection against KL and TL.

51. That the Office of District Attorney never presented the case against the Plaintiff to the Grand Jury.

52. On November 20, 2015, the case was dismissed by Hon. Matthew Sciarrino in Part AP1F of the Supreme Court, County of Kings.

53. As a direct and proximate result of the action of the Defendant's THE CITY OF NEW YORK and DETECTIVE CARL MCLAUGHLIN, Plaintiff SKIBOKY STORA was physically assaulted resulting in physical injury to the back of his head and severe emotional distress.

54. As a direct and proximate result of the actions of the Defendant Police Officers, Plaintiff DETECTIVE CARL MCLAUGHLIN was falsely arrested without justification for the

aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately two days.

55. Defendant DETECTIVE CARL MCLAUGHLIN acted with malice in arresting Plaintiff SKIBOKY STORA on false charges and causing the plaintiff to be prosecuted on charges the Defendants know are false.

56. Defendant DETECTIVE CARL MCLAUGHLIN brought charges against Plaintiff SKIBOKY STORA and purposely misused his Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and their use of excessive force and gratuitous act of violence against Plaintiff.

57. To date, as a direct and proximate result of defendants actions, Plaintiff SKIBOKY STORA has suffered the loss of his liberty, physical assault and batter, and continues to suffer physical and emotional pain, permanent damage to his good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

58. As a direct and proximate result of defendant's actions, Plaintiff SKIBOKY STORA was arrested and detained for a time amounting to a period lasting approximately two days for criminal charges without just cause.

59. As a direct and proximate cause of defendant's actions, Plaintiff SKIBOKY STORA was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

60. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officer in this case to engage in unlawful conduct described above.

61. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

62. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

63. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to April 30, 2015, the perpetration of unlawful arrests, the use

of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE
### (Defendant DETECTIVE CARL MCLAUGHLIN )

64. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-63 of this complaint, as though fully set forth therein.

65. On April 30, 2016 at the 67th Precinct, Defendant DETECTIVE CARL MCLAUGHLIN without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff SKIBOKY STORA such that plaintiff SKIBOKY STORA was injured.

66. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of plaintiff SKIBOKY STORA, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

67. By reason of the aforesaid, plaintiff SKIBOKY STORA suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

68. The acts and conduct of defendant DETECTIVE CARL MCLAUGHLIN, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### SECOND CLAIM: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
### ( Defendant Police officer ROSS GARNER)

69. Plaintiff repeats and realleges the allegations contained in paragraphs 1-68 of this complaint as though fully set forth therein.

70. The actions of Defendant DETECTIVE CARL MCLAUGHLIN, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff SKIBOKY STORA of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

71. By these actions, the individual defendant has deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

72. As a result of the foregoing, plaintiff SKIBOKY STORA was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### THIRD CLAIM: FAILURE TO INTERVENE
(Defendant JOHN DOE)

73. Plaintiff repeats and realleges the allegations contained in paragraphs 1-72 of this complaint as though fully set forth therein.

74. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

75. Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

77. Plaintiff repeats and realleges the allegations contained in paragraphs 1-76 of this complaint and though fully set forth therein.

78. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

79. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

80. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his

constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

81. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

82. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity. These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly,

306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept. 1998); Vasquez v. Safir, 250 A.D.2d 448 (1st Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1st Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009);

83. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

84. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-83 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false

imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

85. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-84 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

86. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

87. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

PRAYER FOR RELIEF

WHEREFORE, plaintiff SKIBOKY STORA requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
      August 15, 2016

                              /S/ Alexander M. Dudelson
                              ALEXANDER M. DUDELSON, ESQ.
                              *Attorney for Plaintiff*
                              26 Court Street - Suite 2306
                              Brooklyn, New York 11242
                              (718) 855-5100